UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN L. FRENCH, | ) |
| Petitioner, | ) No. 3:16-cv-00552 |
| v. | ) |
| DEBRA JOHNSON, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Kevin French, a state prisoner incarcerated at the Turney Center Industrial Complex in Only, Tennessee, filed a pro se amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions and sentence in the Davidson County Criminal Court for two counts of first-degree premeditated murder, two counts of first-degree felony murder, two counts of especially aggravated kidnapping, and two counts of especially aggravated robbery for which Petitioner is serving consecutive life sentences plus fifty years in the Tennessee Department of Correction. (Doc. No. 37).

Presently pending before the Court is Respondent's answer to the amended habeas petition. (Doc. No. 42). Petitioner has filed a response in opposition to the answer (Doc. No. 46) as well as a motion seeking an evidentiary hearing. (Doc. No. 45). The Court will address Petitioner's motion herein.

Petitioner alleges that there are four issues which should be explored in an evidentiary hearing before the Court can decide the merits of his habeas claims: (1) the State presented false evidence to the grand jury, elicited false trial testimony from the lead detective, and relied on the false evidence in its closing statement; (2) Petitioner was not permitted to call Johnny Berryhill and Carol Berryhill Phillips as witnesses; (3) Robert Vaughn gave false testimony during Petitioner's post-conviction hearing; and (4) the State is withholding exculpatory evidence. (Doc. No. 45 at 1-4). Issues (2) and (3) are interrelated.

1

When a claim has been "adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d), the federal court's review of the claim is "limited to the record that was before the state court...." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). Thus, under those circumstances, an evidentiary hearing in federal court to further develop the factual basis for such a claim is not permitted. Id.

If the claim was not adjudicated on the merits, the petitioner may be entitled to an evidentiary hearing if he or she diligently attempted to develop the factual basis for the claim in the state courts. Williams v. Taylor, 529 U.S. 420, 430-37 (2000); 28 U.S.C. § 2254(e)(2) (providing a narrow path to an evidentiary hearing for a prisoner who "failed to develop the factual basis of a claim"). "Fail[ure] to develop" means that the state court record is undeveloped due to "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Williams, 529 U.S. at 432. Section 2254(e)(2) sets forth "stringent conditions for excusing [that] deficiency." Id. at 423. First, the federal claim must "'rel[y] on'" either "'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,'" or "'a factual predicate that could not have been previously discovered through the exercise of due diligence.'" Id. at 429-30 (quoting § 2254(e)(2)). Second, "'the facts underlying the claim [must] be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.'" Id. at 430 (quoting § 2254(e)(2)).

The Court will begin with Petitioner's contention that he is entitled to an evidentiary hearing because the State presented false evidence to the grand jury, elicited false trial testimony from the lead detective, and relied on the false evidence in its closing statement. (Doc. No. 45 at 2-3). This contention relates to Petitioner's prosecutorial misconduct claim. (Doc. No. 37 at 9).

In determining whether an evidentiary hearing should be permitted with respect to this contention, the Court must first determine if Petitioner's prosecutorial misconduct claim was adjudicated on the merits in state court. Cullen, 563 U.S. 170, 181. On direct appeal, Petitioner alleged that the

2

assistant district attorney general committed prosecutorial misconduct during closing arguments. State of Tenn. v. French, No. M2013-01270-CA-R3-CD, 2014 WL 3530947, at *14 (Tenn. Crim. App. July 16, 2014). The Tennessee Court of Criminal Appeals determined that Petitioner waived this claim by failing to include it in his motion for a new trial. Id. Petitioner raised the same claim in his post-conviction petition. French v. State of Tenn., No. M2019-01766-CCA-R3-PC, 2021 WL 1100765, at *18 (Tenn. Crim. App. Mar. 23, 2021). On appeal of the denial of post-conviction relief, the Tennessee Court of Criminal Appeals affirmed, finding that, under the plain error doctrine, Petitioner had not established that the appellate court would have granted him relief on direct appeal had the claim been properly reserved. Id. at *18-19. Thus, the record shows that Petitioner's prosecutorial claim based on the State's closing argument[1] was not adjudicated on the merits in state court.

As noted, except in certain narrow circumstances, Section 2254(e)(2) prohibits a court from conducting an evidentiary hearing on a claim that the petitioner did not develop in state court, either through his own lack of diligence or that of his attorney. Williams, 529 U.S. at 432. Petitioner therefore is entitled to an evidentiary hearing only if he meets that provision's stringent requirements. This he cannot do. Petitioner's prosecutorial misconduct claim neither relies on "a new rule of constitutional law . . . or . . . a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2).

Next, the Court moves to Petitioner's interrelated second and third contentions. Petitioner asserts that he is entitled to an evidentiary hearing because Petitioner was not permitted to call Johnny Berryhill and Carol Berryhill Phillips as witnesses during Petitioner's post-conviction hearing. (Doc. No. 45 at 3-4). Petitioner contends that these witnesses would have supported Petitioner's testimony that he did not own the Buick LeSabre at the time of the crime and would have discredited the contradictory testimony of codefendant Leangelo Ramey. Petitioner also asserts that trial counsel Robert Vaughn falsely testified

---

[1] It does not appear that Petitioner raised any additional prosecutorial misconduct claims on direct appeal or on appeal of the denial of his petition for post-conviction relief.

3

at Petitioner's post-conviction hearing that he had been unable to locate Johnny Berryhill and Carol Berryhill Phillips. (Id.) Petitioner's request for an evidentiary hearing related to these assertions supports Petitioner's claims of ineffective assistance of trial, appellate, and post-conviction counsel. (Doc. No. 37 at 6).

The Court must determine if these claims were adjudicated on the merits in state court before determining whether Petitioner's request for an evidentiary hearing should be granted. Cullen, 563 U.S. 170, 181. In his petition for post-conviction relief, Petitioner alleged that trial counsel provided ineffective assistance because he failed to effectively cross-examine witnesses, namely co-defendant Leangelo Ramey and Bradley Jaimon Bryant. French, 2021 WL 1100765, at *17. The post-conviction court rejected Petitioner's claim, and the Tennessee Court of Criminal Appeals affirmed. Id. To the extent that Petitioner raises trial counsel's ineffectiveness in cross-examining Ramey now, because that claim has been "adjudicated on the merits in State court proceedings," § 2254(d), this Court's review of the claim is "limited to the record that was before the state court...." Cullen, 563 U.S. 170, 181. Thus, under those circumstances, an evidentiary hearing in federal court to further develop the factual basis for this claim is not permitted. Id.

As best the Court can discern, no state court has conducted a merits review of an ineffective assistance of counsel claim based on post-conviction counsel's failure to locate and call putative witnesses Johnny Berryhill and Carol Berryhill Phillips. Thus, Petitioner may be entitled to an evidentiary hearing if he diligently attempted to develop the factual basis for the claim in the state courts. Williams, 529 U.S. 420, 430-37; U.S.C. § 2254(e)(2). Petitioner clearly does not rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." And even assuming arguendo that Petitioner relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence", the facts underlying Petitioner's claim of ineffective assistance of counsel are insufficient to establish by clear and convincing

4

Case 3:16-cv-00552   Document 50   Filed 07/22/22   Page 4 of 6 PageID #: 3586

evidence that, but for constitutional error, no reasonable factfinder would have found Petitioner guilty of the underlying offense. That is because there was "overwhelming evidence" presented at trial against Petitioner. See French, 2014 WL 3530947, at *14. Thus, even if counsel had put additional witnesses on the stand to testify as to the ownership of the Buick, the jury likely still would have convicted Petitioner based on the other evidence presented at trial, particularly considering that Petitioner's mother had testified about the ownership of the Buick and the trial court did not admit the documentation establishing when the vehicle was purchased that was provided by Petitioner's family. Petitioner is not entitled to an evidentiary hearing on contentions (2) and (3).

Finally, Petitioner contends that he is entitled to an evidentiary hearing because the State is withholding exculpatory evidence. (Doc. No. 45 at 4). Specifically, Petitioner contends that the State has not shared surveillance video in its possession that shows "an eyewitness saw the murder and knows the suspect." (Id.) This contention is related to Claim 4 of Petitioner's federal habeas petition in which he alleges that the State withheld evidence in violation of his rights under Brady v. Maryland, 373 U.S. 83 (1963). (Doc. No. 37 at 11).

In determining whether an evidentiary hearing should be permitted with respect to this contention, the Court must first determine if Petitioner's Brady claim was adjudicated on the merits in state court. Cullen, 563 U.S. 170, 181. The record shows that Petitioner raised a Brady claim on post-conviction review, and the post-conviction court rejected the claim, finding that no Brady violation occurred because the surveillance footage was not material. (Doc. No. 41-2 at 50-52). The Tennessee Court of Criminal Appeals affirmed as follows:

> The evidence does not preponderate against the findings of the post-conviction court. The Petitioner himself only claims that the surveillance video would have "led him to additional witnesses that may have had crucial information regarding the events that occurred." The Petitioner failed to establish that the footage would have exculpated him or been used to impeach any of the State's witnesses at trial. Even if the Petitioner had been able to view the video and learn of "additional witnesses," we agree with the post-conviction court's assessment that "in no way the production of that video [would] have

placed the case in a different light, particularly in light of the strength of the other evidence supporting the convictions."

French, 2021 WL 1100765, at *20. Thus, the record shows that Petitioner's Brady claim was adjudicated on the merits in state court. Under Cullen, when a claim has been "adjudicated on the merits in State court proceedings," our review of the claim is "limited to the record that was before the state court...." 563 U.S. 170, 181. Thus, an evidentiary hearing in federal court to further develop the factual basis for Petitioner's Brady claim is not permitted.

Accordingly, Petitioner's Motion for an Evidentiary Hearing (Doc. No. 45) is **DENIED**. The Court will rule on Petitioner's ripe habeas petition in due time.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE