# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| KEVIN L. FRENCH, | ) | |
| Petitioner, | ) | No. 3:16-cv-00552 |
| v. | ) | |
| DEBRA JOHNSON, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

By Memorandum Opinion and Order entered on July 22, 2022, the Court denied pro se Petitioner Kevin L. French's Motion for an Evidentiary Hearing. (Doc. No. 50). Petitioner now has filed a Motion to Alter or Amendment the Judgment (Doc. No. 51) and an Amended Motion to Amend/Correct Memorandum Opinion of the Court (Doc. No. 52), both pursuant to Federal Rule of Civil Procedure 59(e). Respondent has filed a Response in Opposition to both Motions. (Doc. No. 53).

Rule 59(e) of the Federal Rules of Civil Procedure provides that the court may grant a motion to alter or amend a judgment if there is "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; (4) or to prevent manifest injustice.'" Fed. R. Civ. P. 59(e); see Henderson v. Walled Lake Consol. Schs., 469 F.3d 479, 496 (6th Cir. 2006) (quoting Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005)). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." Oswald v. BAE Indus., Inc., No. 10-CV-12660-DT, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010) (emphasis in original). Thus, motions for reconsideration do not permit "the losing party to attempt to supplement the record

1

with previously available evidence" or "raise new legal theories that should have been raised earlier." Allen v. Henry Ford Health Sys., No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010) (punctuation modified).

A motion to alter or amend judgment under Rule 59(e) must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Therefore, Petitioner's Motions were timely filed. However, the Memorandum Opinion and Order challenged by Petitioner is not a final judgment in this case. Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 remains pending. (Doc. No. 1).

Rule 54(b) of the Federal Rules of Civil Procedure gives district courts broad discretion to revise interlocutory orders (like the Court's prior Memorandum Opinion and Order) under certain circumstances. See Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004). "This authority allows district courts 'to afford such relief from [interlocutory orders] as justice requires.'" Id. (quoting Citibank N.A. v. Fed. Deposit Ins. Corp., 857 F. Supp. 976, 981 (D.D.C. 1994)). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Rodriguez, 89 F. App'x at 959. "This standard obviously vests significant discretion in district courts." Id. at 959 n.7. Taking into account Petitioner's pro se status, the Court will construe the Petitioner's Motions as motions under Rule 54(b) to revise the Court's July 22, 2022 Memorandum Opinion and Order.

In those Motions, Plaintiff does not allege that there has been an intervening change in controlling law that would require the Court to revisit its previous analysis. Neither does Plaintiff allege there is newly discovered evidence. Instead, Petitioner contends that the Order denying his Motion for an Evidentiary Hearing should be reconsidered because: (1) he was convicted of one

2

count each, not two, of first degree murder, felony murder, and especially aggravated robbery; (2) "a[n] evidentiary hearing is necessary to demonstrate key points of the [Kimberley McLemore] video to aid this court in understanding this issue being that these facts were omitted from the record in bad faith," (3) "[i]t [would be] impossible for the petitioner to prevail if the evidence is viewed as a whole and the petitioner's claims are reviewed individually," and (4) "petitioner is entitled to discovery" and "[w]ithout the [McLemore] video the petitioner is hindered from providing any further information." (Doc. No. 51 at PageID# 3589-91).

First, Petitioner has not shown that the Court's statement about his convictions was an error of law or so egregious that the failure to reconsider the Order would lead to manifest injustice. The reasoning supporting the Court's denial of Petitioner's Motion for an Evidentiary would not change if Petitioner had been convicted of one or two counts of first degree murder, felony murder, and especially aggravated robbery. Nonetheless, the Court acknowledges Petitioner's concern and states herein that Petitioner was convicted by a Davidson County jury of one count each of premeditated murder, felony murder, and especially aggravated robbery. See State v. French, No. M2013-01270-CCA-R3-CD, 2014 WL 3530947, at *1 (Tenn. Crim. App. July 16, 2014).

Petitioner likewise has not shown a clear error or law or the need to prevent manifest injustice as is required under Rule 54(b) with respect to his second contention concerning the Kimberly McLemore video. Petitioner simply reargues the same points he made in his Motion for an Evidentiary Hearing. But "[a] motion for reconsideration should not be used liberally to get a second bite at the apple . . . ." Oswald, 2010 WL 5464271, at *1. As the Court determined previously, the Tennessee Court of Criminal Appeals reviewed the video footage and found that it was not material, thus there was no Brady violation. (Doc. No. 50 at PageID# 3587-88) (citing French v. State of Tenn., No. M2019-01766-CCA-R3-PC, 2021 WL 1100765, at *20 (Tenn. Crim.

3

App. Mar. 23, 2021)). Because Petitioner's Brady claim based on the video footage was adjudicated on the merits in state court, under Cullen v. Pinholster, this Court's review of the claim is "limited to the record that was before the state court . . . ." (Id.) (citing 563 U.S. 170, 181 (2011)). Thus, an evidentiary hearing in federal court to further develop the basis for Petitioner's Brady claim is not permitted. Petitioner has not challenged this analysis and conclusion.

Petitioner's third contention, that his trial attorney testified falsely at Petitioner's post-conviction hearing regarding his ability to locate Johnny Berryhill and Carol Berryhill Phillips, also is not persuasive. The Court already has considered Petitioner's arguments in support of an evidentiary hearing on Petitioner's related ineffective assistance of counsel claim and rejected those arguments in light of the "'overwhelming evidence' presented at trial against Petitioner." (Doc. No. 50 at PageID# 3586-877) (quoting French, 2014 WL 3530947, at *14). Although Petitioner insists "[i]t [would be] impossible for the petitioner to prevail if the evidence is viewed as a whole and the petitioner's claims are reviewed individually" (Doc. No. 52 at PageID# 3597), Petitioner has not shown that the Court's ruling was due to a clear error of law or that reconsideration of the ruling is necessary to prevent manifest injustice. Petitioner cannot simply reassert the same arguments now and insist on a different outcome.

Finally, Petitioner has not shown a clear error of law or the need to prevent manifest injustice with respect to his fourth contention, that the Court should reconsider its previous Order denying an evidentiary hearing on Petitioner's Brady claim because "[w]ithout the [McLemore] video [Petitioner] is hindered from providing any further information" and "[u]nder rule 16 [he] is entitled to discovery." (Doc. No. 52 at PageID# 3597). To the extent that Petitioner relies on Federal Rule of Criminal Procedure 16 (which provides for discovery and inspection in federal

4

criminal cases), this action is not a federal criminal action. Petitioner's habeas case is a federal civil case, to which the Federal Rules of Criminal Procedure do not apply.

Habeas petitioners do not have an automatic right to discovery. See Bracy v. Gramley, 520 U.S. 899, 904 (1997) (finding that a "habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."); Johnson v. Mitchell, 585 F.3d 923, 924 (6th Cir. 2009) (same). Discovery in habeas cases is controlled by Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, which states in pertinent part that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." R. 6(a), Rules Gov'g § 2254 Cases. "Good cause" is not demonstrated by "bald assertions" or "conclusory allegations." Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001). Rather, the requested discovery must be materially related to claims raised in the habeas petition and likely to "resolve any factual disputes that could entitle [the petitioner] to relief." Williams v. Bagley, 380 F.3d 932, 975 (6th Cir. 2004) (internal quotations omitted) (citing Bracy v. Gramley, 520 U.S. 899, 908-09 (1997)). The moving party bears the burden of demonstrating the materiality of the requested information. Id. Rule 6(a) does not "sanction fishing expeditions based on a petitioner's conclusory allegations." Id.

Petitioner fails to show good cause for further discovery on his Brady claim. As the Court previously found, the Tennessee Court of Criminal Appeals considered Petitioner's Brady claim and rejected it after determining that "in no way [would] the produce of the [McLemore] video have placed the case in a different light, particularly in light of the strength of the other evidence supporting the convictions." (Doc. No. 50 at PageID# 3588) (quoting French, 2021 WL 1100765, at*20). As explained in the Court's prior Memorandum Opinion and Order, under Cullen, this

5

Court's review of Petitioner's <u>Brady</u> claim is therefore limited to the record that was before the state court. (<u>Id.</u>)

In summary, Plaintiff is not entitled to relief under Federal Rule of Civil Procedure 54(b) or 59(e). Accordingly, Petitioner's Motion to Alter or Amendment the Judgment (Doc. No. 51) and Amended Motion to Amend/Correct Memorandum Opinion of the Court (Doc. No. 52), which the Court construes as Motions to Reconsider under Rule 54(b), are **DENIED**.

The Court will rule on Petitioner's ripe habeas petition in due time.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE