UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KEVIN L. FRENCH #511721, | ) ) ) | |
| Petitioner, | ) ) | No. 3:16-cv-00552 |
| v. | ) ) ) | |
| DEBRA JOHNSON, | ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

By Memorandum Opinion and Order entered on July 22, 2022, the Court denied pro se Petitioner Kevin L. French's Motion for an Evidentiary Hearing. (Doc. No. 50). Petitioner then filed a Motion to Alter or Amend the Judgment (Doc. No. 51) and an Amended Motion to Amend/Correct Memorandum Opinion of the Court (Doc. No. 52), both of which the Court denied by Memorandum Opinion and Order entered on September 22, 2022. (Doc. No. 54). Petitioner now has filed a Motion to Correct Error in the September 22, 2022 Memorandum Opinion and Order. (Doc. No. 55). Petition also has filed a Motion to Supplement the Record. (Doc. No. 56). Respondent has not responded to either motion.

By Order entered on May 30, 2023, the Honorable Eli Richardson transferred Kevin L. French v. Debra Johnson, Case No. 3:23-cv-00304, to the undersigned as a Related Case to this action pursuant to M.D. Tenn. Admin. Order No. 176. (See Doc. No. 58 at 1). By Order entered on June 1, 2023, the Court found that the instant case and Case No. 3:23-cv-00304 have common questions of fact and therefore consolidated the cases for all purposes. (Id.) Pursuant to governing law, the Court must consider Petitioner's second-filed Section 2254 petition (filed in Case No. 3:23-cv-00304) as a motion to amend his first petition (filed herein).

1

## I. Motion to Correct Error

In his Motion to Correct Error, Petitioner "moves the court for clarification of claims presented to this court in its most recent order." (Doc. No. 55). According to Petitioner, the "McLemore video" was not referenced in his Motion for an Evidentiary Hearing to support a Brady claim; rather, the video is "the evidence presented that shows the state fabricated her statement to the Grand Jury." (Doc. No. 55 at 1-2). Essentially, Petitioner alleges that, in the Court's prior Memorandum Opinion and Order (Doc. No. 54), the Court referenced the McLemore video when it should have referenced a surveillance video from the Litton Market Tobacco store. (Id. at 2).

In denying Petitioner's Motion for an Evidentiary Hearing, the Court did not reference the McLemore video in the context of Petitioner's Brady claim. (See Doc. No. 50 at 5-6). Instead, it referenced "a surveillance video" that allegedly shows an eyewitness to the shooting for which Petitioner was convicted. (Id. at 5). As Petitioner points out, the Court referred to that video as the McLemore video in its subsequent order denying Petitioner's Motion to Alter or Amend Judgment, which Petitioner now clarifies is not the same as the surveillance video. (Doc. No. 54 at 5). However, even if the Court referred to the surveillance video as the McElmore video in its September 22, 2002 Memorandum Opinion and Order, it did not affect the outcome of Petitioner's motion seeking an evidentiary hearing for two reasons.

First, with regard to the Court's ruling on whether Petitioner was entitled to an evidentiary hearing because the State is allegedly withholding exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), the Court referred to and considered the Litton Market surveillance video in its analysis. (See Doc. No. 50 at 5-6). On the other hand, when resolving Petitioner's motion to alter or amend the Court's decision to deny Petitioner's request for an evidentiary hearing as to the Brady claim, the Court referred to the McLemore video. (See Doc. No. 54).

2

However, the Court's decision to deny Petitioner's Amended Motion to Alter or Amend Judgment did not rest on the content of either video. Instead, it rested on whether the Brady claim was adjudicated on the merits in state court. (See id. at 5-6) (finding that, because the state appellate court considered Petitioner's Brady claim on the merits, under Cullen, this Court's review of Petitioner's Brady claim is limited to the record that was before the state court).

Second, with regard to the Court's ruling on whether Petitioner was entitled to an evidentiary hearing because the State allegedly committed prosecutorial misconduct, the Court found that, because a prosecutorial misconduct claim was not adjudicated on the merits in state court, the Court could only consider Petitioner's prosecutorial misconduct claim if he met the strict requirements of 28 U.S.C. § 2245(e)(2). (Doc. No. 50 at 3). The Court found that Petitioner did not meet those requirements. (Id.)

In other words, the rulings referenced by Petitioner in his Motion to Correct Error (the Court's denial of his request for an evidentiary hearing on his Brady and prosecutorial misconduct claims) were not rulings on the merits of either claim where distinguishing the two videos' contents might matter.[1] Calling the surveillance video the McLemore video was an error of nomenclature only which occurred as the Court attempted to understand Petitioner's pro se allegations. Petitioner's clarification now enables the Court to move forward with confidence that Petitioner's allegations are better understood.

Accordingly, Petitioner's Motion to Correct Error (Doc. No. 55) is **GRANTED** insofar as the Court notes the clarifications made by Petitioner. These clarifications do not affect the Court's prior rulings for the reasons stated above.

---

[1] Petitioner alleges that the State mischaracterized the testimony of witness Kimberly McLemore during its closing statement, among other allegations.

3

## II.     Motion to Supplement the Record

Petitioner also has filed a Motion to Supplement the Record (Doc. No. 56) in which he seeks to expand the underlying state-court record in this case. He contends that, after the Court's most recent order, he learned that the state appellate court clerk had not docketed multiple pro se filings Petitioner submitted after the denial of his petition for post-conviction relief. He attaches those purported filings and argues they should be considered in deciding whether Petitioner has procedurally defaulted certain claims in his federal habeas petition. (See id., Ex. 1 at 1-22).

As best the Court can discern, these purported filings are not part of the state-court record filed by Respondent. (See Doc. Nos. 40 & 41). They also do not appear as PDFs on the Public Case History page for Petitioner's state post-conviction appellate proceedings, of which the Court can take judicial notice. See https://pch.tncourts.gov/CaseDetails.aspx?id=77589&Number=True (last visited Aug. 14, 2023). From the documents alone, there is no way to substantiate Petitioner's claim that he presented these documents for filing and the appellate court clerk rejected them.

The Public Case History reflects that, during Petitioner's post-conviction appellate proceedings, he sought to have his appointed counsel replaced. See id. (11/20/2019 entry). Assuming for purposes of this Memorandum Opinion and Order that Petitioner in fact presented the at-issue documents for filing, given that Petitioner was represented by counsel at the time, a longstanding Tennessee rule may have resulted in the appellate court clerk rejecting the documents. "Tennessee courts have consistently restricted defendants from 'representing themselves while simultaneously being represented by counsel.'" Hill v. Carlton, 399 F. App'x 38, 43 (6th Cir. 2010) (quoting Williams v. State, 44 S.W.3d 464, 469 (Tenn. 2001)). The rule goes back to at least 1976. See id. (citations omitted). Tennessee courts have consistently applied this rule to post-conviction pro se briefs and to claims raised on appeal. See id. & n.2, n.3. While

4

there are exceptional circumstances in which Tennessee courts have allowed hybrid representation, see id. at *5 (citations omitted), there is no indication this was the case for Petitioner.

Petitioner is now attempting to amend his federal habeas petition to asserts claims based on the state appellate clerk's alleged refusal to docket Petitioner's filings on post-conviction appeal. (See Doc. No. 58). Thus, the question of whether to grant Petitioner's Motion to Supplement the Record is tied to the question of whether to permit Petitioner to amend his federal habeas petition to assert those claims.

Under these circumstances, the Court finds that it is appropriate to require Respondent to respond to Petitioner's allegations that certain items are missing from the state-court record (specifically, from the post-conviction appellate court record) despite having been presented by Petitioner to the appellate court clerk for filing. The Court finds that Respondent is in the best position to provide additional details or documentation, if any exist, regarding Petitioner's allegations and the state-court record.

Petitioner's Motion to Supplement the Record (Doc. No. 56) is **DENIED**. However, the denial is without prejudice to Petitioner's ability to renew the motion, if appropriate, after Respondent's response is received.

Further, Respondent is **DIRECTED** to respond to Petitioner's request to amend the initial habeas petition. (See Doc. No. 58; Case No. 3:23-cv-00304, Doc. No. 1).

Both responses are due within 30 days of entry of this Memorandum Opinion and Order on the docket. Prior to the expiration of the deadline, Respondent may seek an extension in writing, if necessary. No further filings are required by Petitioner at this time.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE