UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KEVIN L. FRENCH, | ) | |
| | ) | |
| Petitioner, | ) | No. 3:16-cv-00552 |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER BRUN, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner Kevin French, a state prisoner incarcerated at the Turney Center Industrial Complex ("TCIX") in Only, Tennessee. (Doc. No. 37). Therein, Petitioner challenges his conviction and sentence in the Davidson County Criminal Court for one count of first-degree premeditated murder, one count of first-degree felony murder, and one count of especially aggravated robbery for which Petitioner is serving consecutive life sentences plus fifty years in the Tennessee Department of Correction. See State v. French, No. M2013-01270-CCA-R3-CD, 2014 WL 3530947, at *1 (Tenn. Crim. App. July 16, 2014). Respondent has filed an Answer to the habeas petition (Doc. No. 42) and Petitioner has filed a response in opposition to the Answer (Doc. No. 46).

As this case was proceeding, Petitioner filed another Section 2254 petition in this Court challenging the same conviction and sentence, Kevin L. French v. Debra Johnson, Case No. 3:23-cv-00304, and that case was randomly assigned to the Honorable Eli Richardson. By Order entered

---

[1] Respondent points out that, because Petitioner is confined at the TCIX, whose warden is Christopher Brun, Brun should be substituted as the named respondent to this action. (Doc. No. 67 at PageID# 3769) (citing Rule 2, Rules Governing Section 2254 Cases ("Habeas Rules")). Thus, the case caption has been changed accordingly, and future orders will contain that revised caption.

on May 30, 2023, Judge Richardson transferred that case to the undersigned as a Related Case to this action pursuant to M.D. Tenn. Admin. Order No. 176. By Order entered on June 1, 2023, the Court found that the instant case and Case No. 3:23-cv-00304 have common questions of fact and therefore consolidated the cases for all purposes. (Id.) Pursuant to governing law, the Court considers Petitioner's second-filed Section 2254 petition (filed in Case No. 3:23-cv-00304) as a motion to amend his first petition (filed herein). That motion is now before the Court.

Also pending before the Court are the following motions filed by Petitioner: Motion for Evidentiary Hearing (Doc. No. 62); "Motion in Opposition of the Respondent's Request for an Extension and Combine Responses" (Doc. No. 71); Motion to Amend the Petitioner's Response (Doc. No. 75); Motion to Renew Motion to Supplement (Doc. No. 78); and Motion for Leave to Supplement the Record (Doc. No. 83).

## I. BACKGROUND

Following a jury trial, French was convicted by a Davidson County Grand Jury on first-degree premediated murder, first-degree felony murder, and especially aggravated robbery for the killing of the victim, Andre Veals, on November 16, 2008. State v. French, No. M2013-01270-CCA-R3-CD, 2014 WL 3530947 (Tenn. Crim. App. Jul. 16, 2014), perm. app. denied (Tenn. Nov. 20, 2014). Petitioner was sentenced to an effective sentence of life imprisonment in the Tennessee Department of Correction. Id.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed Petitioner's conviction and sentence on appeal. Id. The Tennessee Supreme Court subsequently denied discretionary review. Id.

In January 2015, Petitioner filed a petition for post-conviction relief (Doc. No. 41-1 at PageID# 2581-2590), which was denied following a hearing. (Doc. No. 41-2 at PageID# 2713).

On March 7, 2016, while his post-conviction proceedings were ongoing in the trial court, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this action. (Doc. No. 1 at PageID# 15). The Court stayed the federal court proceedings until the completion of post-conviction review in state court. (Doc. Nos. 21, 22).

The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief, and the Tennessee Supreme Court denied discretionary review. <u>Kevin L. French v. State of Tennessee</u>, No. M2019- 01766-CCA-R3-PC, 2021 WL 1100765 (Tenn. Crim. App. Mar. 23, 2021), <u>perm. app. denied</u> (Tenn. Jun. 11, 2021).

Upon the conclusion of state post-conviction review, Respondent so notified the Court (Doc. No. 36), and Petitioner filed an amended habeas corpus petition (Doc. No. 37) and a Motion to Appoint Counsel (Doc. No. 38). The Court denied Petitioner's Motion to Appoint Counsel and treated the amended petition as a motion to reopen, which it granted. The Court directed Respondent to file a response. (Doc. No. 39). Respondent complied with the Court's instructions (Doc. Nos. 40, 41, 42), and Petitioner filed a Reply to Respondent's Answer (Doc. No. 46). In addition, Petitioner filed a Motion for an Evidentiary Hearing. (Doc. No. 45).

By Memorandum Opinion and Order entered on July 22, 2022, the Court denied Petitioner's Motion for an Evidentiary Hearing. (Doc. No. 50). Thereafter, Petitioner sought reconsideration of that decision (Doc. No. 52), which the Court denied by Memorandum Opinion and Order entered on September 22, 2022 (Doc. No. 54). Petitioner subsequently filed a Motion to Correct an Error in the Court's Reconsideration Decision (Doc. No. 55) and a Motion to Supplement the Record (Doc. No. 56). By Memorandum Opinion and Order entered on August 18, 2023, the Court granted Petitioner's Motion to Correct Error, noting a nomenclature error in the Court's prior order but declining to revisit the prior decision. (Doc. No. 59). The Court also

3

denied without prejudice the Motion to Supplement the Record but directed Respondent to file a response on the status of certain filings purportedly made by Petitioner during the post-conviction appeal to the state appellate courts. (Id.)

Petitioner then filed another Section 2254 petition in this Court: Kevin L. French v. Debra Johnson, Case No. 3:23-cv-00304. Pursuant to governing law in this Circuit, the Court construed Petitioner's second-filed Section 2254 petition (filed in Case No. 3:23-cv-00304) as a motion to amend his first petition and directed Respondent to file a response to the construed motion to amend the petition (Doc. No. 58). Petitioner then filed multiple motions (Doc. Nos. 71, 75, 78, 83), which are all ripe for review.

## II. MOTION IN OPPOSITION

The Court will begin with Petitioner's "Motion in Opposition of the Respondent's Request for an Extension and Combine Responses" (Doc. No. 71). Therein, Petitioner states that counsel for Respondent is "tak[ing] advantage of the petitioner" because he failed to confer with Petitioner before filing a motion for an extension of time to respond to one of Petitioner's filings. (Id. at PageID# 3790). Counsel's statement that he had not consulted with Petitioner about the motion for an extension because Petitioner is pro se and incarcerated (see Doc. No. 63 at PageID# 3688) is consistent with the custom and practice of attorneys in this district and does not reflect any nefarious intent on the part of counsel.

In any event, Respondent already has filed his Response to Petitioner's Motion to Supplement the Record and Amend Petition. Thus, the "Motion in Opposition of the Respondent's Request for an Extension and Combine Responses" (Doc. No. 71) is **DENIED AS MOOT**.

4

## III. MOTION TO AMEND PETITIONER'S RESPONSE

Next, the Court will address Petitioner's Motion to Amend the Petitioner's Response (Doc. No. 75) in which he asks the Court to permit him to edit "his response filed October 10, 2023." (Id. at PageID# 3859).

The docket for this case does not contain a response from Petitioner filed on October 10, 2023. However, based on Petitioner's Motion to Amend the Petitioner's Response, the Court surmises that Petitioner wishes to reply to Respondent's response to Petitioner's Motion to Amend Petition, Supplement the Record, and Grant an Evidentiary Hearing. (See id.) More particularly, Petitioner takes issue with Respondent's statement of the procedural background of this case as set forth his response.

The Court notes Petitioner's objection. Insofar as the Court will consider that objection when adjudicating the merits of Petitioner's federal habeas claims, the Motion to Amend the Petitioner's Response (Doc. No. 75) is **GRANTED**.

In this same motion, Petitioner asks the Court to order Respondent "to provide the document that allegedly supports their procedural history . . . ." (Id. at PageID# 3860). Respondent already has submitted and supplemented the state-court record. The Court declines to order Respondent to submit any additional documentation at this time. Petitioner's requests to supplement the record will be addressed next.

## IV. MOTIONS TO SUPPLEMENT THE RECORD

The Court now moves to Petitioner's latest attempts to supplement the record: a Motion to Renew Motion to Supplement (Doc. No. 78) and a Motion for Leave to Supplement the Record (Doc. No. 83).

After this case was reopened, Petitioner filed a motion to supplement the record with post-conviction records and a letter to one of his state post-conviction attorneys on August 20, 2020. (Doc. No. 34). The Court denied the motion. (Doc. No. 35).

On November 29, 2021, Petitioner moved for an evidentiary hearing, relying in part on the theory that the State's investigator falsely claimed that a State witness saw him shoot the victim. (Doc. No. 45). The Court denied this motion, holding that Petitioner failed to meet the requirements of Section 2254(e)(2) to consider new evidence. (Doc. No. 50).

On November 29, 2022, Petitioner again moved to supplement the record to include various statements that he did not consent to his post-conviction counsel's choices regarding his fabrication of evidence claims. (Doc. No. 56). The Court denied the motion without prejudice and directed Respondent to respond to Petitioner's allegations. (Doc. No. 59).

Petitioner then moved for a third time to supplement the record to include claims that he alleges he mailed to the state court that were never filed. (Doc. No. 78). That motion is now before the Court.

Petitioner moved to supplement the record for a fourth time on June 12, 2024, and that motion also is before the Court at this time.

The Court will start with the Motion to Renew Motion to Supplement (Doc. No. 78. Thereto, Petitioner attached various pleadings that he purportedly filed in the state appellate courts regarding his post-conviction appeal. Specifically, he attached letters dated November 18, 2019, February 6, 2020, July 19, 2020, and August 8, 2020. (Doc. No. 56-1 at PageID# 3633-3634, 3638, 3643-3644, 3647). In response to Petitioner's motions, counsel for Respondent notified the Court that he had reviewed the court file for Petitioner's post-conviction appeal in the Tennessee Appellate Court Clerk's Office in Nashville and found one of the documents referenced above, the

letter dated July 19, 2020, and received July 21, 2020. (Doc. No. 67 at PageID# 3776-77). Undersigned counsel did not find the other three letters. (Id.) Respondent has now provided the one letter found in the court file, along with two other letters by Petitioner in the court file that were not attached to Petitioner's Motion to Supplement the Record.

Counsel for Respondent also notified the Court that one audio-visual exhibit from Petitioner's post-conviction appeal had not yet been filed with the state-court in this case. (Id. at PageID# 3777). Counsel has now filed that manual exhibit with the Court. (Doc. Nos. 68, 69, 70, 77).

The documents at issue in Petitioner's motion (Doc. No. 78) have been provided, excluding three letters that Respondent's counsel did not locate in the post-conviction appeals record. Petitioner does not have a right to now include letters that were not part of the post-conviction appeals court record. And as the Court has explained, Petitioner did not have a right to hybrid representation, which likely explains why some of his pro se letters letters and motions were not accepted and filed by the appellate court clerk. Respondent's counsel also has provided two letters that Petitioner had not identified as part of the postconviction appeals record as well as an audio-visual exhibit. Accordingly, Petitioner's Motion to Renew Motion to Supplement (Doc. No. 78) is **DENIED**.

Although Petitioner titles his most recent motion as a motion to "supplement" (Doc. No. 83), the substance of the motion is to expand the record to include an affidavit of an investigator who spoke with a state witness after trial. (Doc. No. 83). The motion also attaches multiple letters between Petitioner and his prior attorneys as well as various court filings. Petitioner apparently requests to enter these items into the record. (Id.)

The record in a federal habeas case under 28 U.S.C. § 2254 is generally limited to the record that was before the state court. Cullen v. Pinholster, 563 U.S. 170, 181 (2011). In such a proceeding, a movant may expand the record only if the claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review … or a factual predicate that could not have been discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A). Moreover, a movant must establish "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error no reasonable factfinder would have found the applicant guilty of the underlying offense." Id. at § 2254(e)(2)(B).

Here, Petitioner seeks to expand the record to include letters between himself and counsel regarding the claims raised in his state postconviction proceedings. (Doc. No. 83-1 at PageID# 4963-70). He also presents a statement from an investigator stating that she spoke with witness Kimberly McLemore who stated in an interview with the investigator that McLemore did not see who fired the gun who killed the victim. (Doc. No. 83-2 at PageID# 4974).

First, Petitioner fails to meet the Pinholster standard because his motion does not rely on a new rule of constitutional law.

Second, McLemore's testimony and the letters between Petitioner and his attorneys were available to Petitioner and his attorneys during Petitioner's state-court proceedings. Thus, Petitioner's request does not rely on "a factual predicate that could not have been discovered through the exercise of due diligence."

Third, even if the Court were to expand the record to include the investigator's statement and the letters, they do not establish that, but for their contents, no reasonable factfinder would have found Petitioner guilty. This is so for two reasons. One, because McLemore's testimony at trial was consistent with the investigator's statement now proffered, despite Petitioner's assertions

8

to the contrary.[2] Two, there was "overwhelming evidence" presented at trial against Petitioner. See French, 2014 WL 3530947, at *14.

Petitioner's motion fails to satisfy the requirements to expand the record set forth in 28 U.S.C. § 2254(e)(2). Accordingly, the motion (Doc. No. 83) is **DENIED**.

### V. MOTION FOR EVIDENTIARY HEARING

Petitioner makes a second request for an evidentiary hearing, this time on the basis of alleged "newly discovered evidence", specifically, a recorded statement made by trial witness Kimberly McLemore to a private investigator retained by Petitioner.[3] (Doc. No. 62). Petitioner's request for an evidentiary hearing relates to his allegations that the State fabricated evidence in his underlying state-court criminal case.

As noted above, when a claim has been "adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d), the federal court's review of the claim is "limited to the record that was before the state court...." Cullen, 563 U.S. 170, 181. Thus, under those circumstances, an evidentiary hearing in federal court to further develop the factual basis for such a claim is not permitted. Id.

If a claim was not adjudicated on the merits, the petitioner may be entitled to an evidentiary hearing if he or she diligently attempted to develop the factual basis for the claim in the state courts.

---

[2] Petitioner presents a statement from an investigator stating that, during her interview of McLemore, McLemore said that she did not see who fired the gun that killed the victim. According to Petitioner, McLemore's statement proves a conflict with a sworn statement previously made by State witness Detective Harris that McLemore saw the shooter. (Doc. No. 83-2 at PageID# 4974). At trial, McLemore testified that she saw Petitioner speaking with the victim and then heard a gunshot but did not see the gun being fired. See State v. Kevin French, No. M2013-01270-CCA-R3CD, 2014 WL 3530947, at *1 (Tenn. Crim. App. July 16, 2014) ("Ms. McLemore testified that she did not know who fired the shots."). Thus, there is no conflict between what McLemore allegedly told the investigator and what McLemore testified at trial.

[3] In his motion, which allegedly relies on the "newly discovered evidence" of McLemore's statement to the investigator hired by Petitioner, Petitioner raises other issues, such as allegations that the prosecutor and lead detective lied about phone records, a Trailblazer, and testimony of eyewitnesses Jamion Bryant and William Vanburen. The Court does not address those issues herein because they do not relate to the alleged "newly discovered evidence" of McLemore's statement to the investigator.

9

Williams v. Taylor, 529 U.S. 420, 430-37 (2000); 28 U.S.C. § 2254(e)(2) (providing a narrow path to an evidentiary hearing for a prisoner who "failed to develop the factual basis of a claim"). "Fail[ure] to develop" means that the state court record is undeveloped due to "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Williams, 529 U.S. at 432. Section 2254(e)(2) sets forth "stringent conditions for excusing [that] deficiency." Id. at 423. First, the federal claim must "'rel[y] on'" either "'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,'" or "'a factual predicate that could not have been previously discovered through the exercise of due diligence.'" Id. at 429-30 (quoting § 2254(e)(2)). Second, "'the facts underlying the claim [must] be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.'" Id. at 430 (quoting § 2254(e)(2)).

In determining whether an evidentiary hearing should be permitted, the Court must first determine if Petitioner's fabricated evidence claim was adjudicated on the merits in state court. Cullen, 563 U.S. 170, 181. On direct appeal, Petitioner alleged that the assistant district attorney general committed prosecutorial misconduct during closing arguments when he alleged that McLemore, during her trial testimony, identified Petitioner as the shooter. State of Tenn. v. French, No. M2013-01270-CA-R3-CD, 2014 WL 3530947, at *14 (Tenn. Crim. App. July 16, 2014). While there is admittedly some overlap, this prosecutorial misconduct claim is not the same as a fabricated evidence claim.[4]

---

[4] In any event, the Tennessee Court of Criminal Appeals determined that Petitioner waived this claim by failing to include it in his motion for a new trial. Id.
   Petitioner raised the same claim (based on the prosecution's closing argument) in his post-conviction petition. French v. State of Tenn., No. M2019-01766-CCA-R3-PC, 2021 WL 1100765, at *18 (Tenn. Crim. App. Mar. 23, 2021). On appeal of the denial of post-conviction relief, the Tennessee Court of Criminal Appeals affirmed, finding that, under the plain error doctrine, Petitioner had not established that the appellate court would have granted him relief on direct appeal had the claim been properly reserved. Id. at *18-19.

10

Also in his direct appeal brief, Petitioner asserted that trial counsel was ineffective by failing to object to "the State claim[ing] Kimberly McLemore identified Kevin French as the shooter" during closing argument. (Doc. No. 40-17 at PageID# 2382). This also is not the same as a fabricated evidence claim.[5] Thus, Petitioner has not exhausted a fabricated evidence claim for which he now seeks to supplement the record and hold a hearing.

Except in certain narrow circumstances, Section 2254(e)(2) prohibits a court from conducting an evidentiary hearing on a claim that the petitioner did not develop in state court, either through his own lack of diligence or that of his attorney. Williams, 529 U.S. at 432. Petitioner therefore is entitled to an evidentiary hearing only if he meets that provision's stringent requirements. This he cannot do.

Petitioner raised two claims on post-conviction review regarding McLemore's trial testimony and her identification of Petitioner as the person with the victim when McLemore heard the shooting. Petitioner could have raised a related fabricated-evidence claim, including any claim that he wished to make regarding how this factual issue was presented at the indictment phase to the grand jury. And he could have presented whatever additional evidence that he wished at that time, including new testimony by McLemore. He did not, and he cannot now show that his fabricated-evidence claim relies on "a factual predictable that could not have been previously

---

[5] However, when Petitioner abandoned the claim during oral argument, the Tennessee Court of Criminal Appeals did not consider the claim. See French, 2014 WL 3530947, at 1 n.1.
 On post-conviction review, Petitioner asserted that trial counsel was ineffective by failing to object to the State's mischaracterization of McLemore's testimony in its closing argument. See French v. State, No. M2019-01766-CCA-R3-PC, 2021 WL 1100765, at *1, *14 (Tenn. Ct. Crim. App. Mar. 23, 2021). The appeals court concluded that "the State's comment regarding Ms. McLemore's identification was enough of a reasonable inference from the evidence so as to not necessitate an objection, and counsel's addressing the State's comment in his own closing argument rather than drawing more attention to it by launching an objection was a reasonable trial tactic." Id. at *16. The court additionally found that there was "no reasonable probability that the outcome of the trial would have been different had counsel objected." Id.

11

discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2). Neither does he rely on a new rule of constitutional law. Id.

Even if the Court expanded to record to include letters between himself and counsel regarding the claims raised in his state post-conviction proceedings and/or the statement from an investigator regarding McLemore's statement, Petitioner cannot show by clear and convincing evidence that he would not have been convicted. McLemore's alleged new recorded statement is consistent with her trial testimony, that she saw Petitioner speaking with the victim and that she heard the shooting. (Doc. No. 40-3 at PageID# 592-637). Further, there was "overwhelming evidence" of Petitioner's guilt presented at trial. Accordingly, Petitioner's Motion for an Evidentiary Hearing (Doc. No. 45) is **DENIED**.

## VI. MOTION TO AMEND THE HABEAS PETITION

As the Court previously found, when a subsequent Section 2254 petition is filed while a petitioner's initial Section 2254 petition is still pending, the second-filed petition should be construed as a motion to amend the initial petition under Federal Rule of Civil Procedure 15. See In re Stevenson, 889 F. App'x 308, (6th Cir. 2018) (citing In re Deal, No. 15-6023 (6th Cir. May 9, 2016) (citing United States v. Sellner, 773 F.3d 927, 931-32 (8th Cir. 2014)); Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008); Whab v. United States, 408 F.3d 116, 119 (2d Cir. 2005); see also Gregley v. Bradshaw, Nos. 1:14 CV 50; 1:14 CV 971, 2015 WL 1275322, at *3 (N.D. Ohio Mar. 19, 2015) (construing Gregley's Section 2254 petition filed while his first Section 2254 petition was pending—both of which challenged the same conviction—as a motion to amend the first petition). Thus, the Court construed Petitioner's second-filed Section 2254 petition as a motion to amend his first petition. The Court must now consider whether such an amendment should be permitted.

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend a pleading as a matter of course either within 21 days of its service or, if the pleading calls for a responsive pleading, within 21 days of the filing of the responsive pleading or a certain type of motion under Federal Rule of Civil Procedure 12. Otherwise, a party may amend a pleading only with the written consent of the opposing party or by leave of the district court, which "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Relevant factors for evaluating the interests of justice include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Coe v. Bell, 161 F.3d 320, 341 (6th Cir. 1998) (quoting Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir. 1994)); see also Baaghil v. Miller, 1 F.4th 427, 432 (6th Cir. 2021) ("But a court may deny a motion to amend a complaint when the amendment would be futile.").

Respondent filed an Answer to the amended habeas petition on July 28, 2021. (Doc. No. 42). Petitioner's second-filed Section 2254 petition (filed in Case No. 3:23-cv-00304) was received by the Court on April 6, 2023. (Case No. 3:23-cv-00304, Doc. No. 1). Even giving Petitioner the benefit of the prisoner mailbox rule, his latest attempt to amend his Section 2254 petition came nearly two years after Respondent's filing of a responsive pleading. For that reason alone, the Court could deny the motion to amend. However, even if the Court disregards Petitioner's timing, the Court nevertheless will deny Petitioner's attempt to amend his Section 2254 because of futility.

The first claim Petitioner wishes to add to his original habeas petition is that he was deprived of his "right to appeal all claims." (No. 3:23-cv-00304, Doc. No. 1 at PageID# 5). Specifically, he alleges that the state appellate court clerk's office "never filed the petitioner's claims with the court" when he attempted to appeal the denial of his petition for post-conviction

13

relief. (Id.) Petitioner asserts that he mailed "25 claims including ineffective [assistance of] counsel, prosecutorial misconduct, and judicial bias to the appellate court clerk." (Id.) These statements are related to Petitioner's assertions that he exhausted certain claims, claims that Respondent contends are procedurally defaulted. (See, e.g., Doc. No. 56, Ex. 1 at 1-22).

The record reflects that, during Petitioner's post-conviction proceedings, he had highly contentious relationships with his various appointed attorneys. Following the appointment and withdrawal of several attorneys, Petitioner's petition for post-conviction relief ultimately proceeded to an evidentiary hearing on a second amended petition filed by counsel based upon a draft by prior counsel and on Petitioner's pro se amended petition that subsequent counsel moved to adopt as an appendix to the post-conviction petition. (Doc. No. 41-1 at PageID# 2643-2670, 2674-2699; Doc. No. 41-2 at PageID# 2703-07). At the hearing, counsel moved to withdraw because Petitioner was drafting a disciplinary complaint against counsel during the hearing. Recognizing the tactic as an attempt by Petitioner to delay resolution of the case, the trial court declined to continue the hearing or to relieve counsel. (Doc. No. 41-3 at PageID# 2818-19)[6]. The court ultimately denied post-conviction relief, after which counsel filed a motion to be relieved as counsel; however, that request was later stricken "after due consideration and all the evidence introduced." (Doc. No. 41-2 at PageID# 2755-57). Counsel then filed a notice of appeal on Petitioner's behalf. (Id. at PageID# 2758-59).[7]

---

[6] During the hearing, counsel asked to be removed, explaining to the court that his request was due to "Mr. French, in large letters writing out a complaint to the disciplinary board while we are sitting here." (Doc. No. 41-3 at PageID# 2818). The court responded, "Okay. That's all right. It's just his way in trying to delay this . . . . So it doesn't matter that he files whatever he wants to file." (Id.)

[7] Petitioner later filed a pro se "motion to alter or amend to find additional facts pursuant to Rule 52.02 of the Rules of Civil Procedure", which the post-conviction court denied because it "doesn't operate under that set of rules" and because the court no longer had jurisdiction due to counsel's filing of an appeal. (Doc. No. 41-4 at PageID# 2973-74).

14

On appeal and prior to briefing, Petitioner filed a pro se motion for the appointment of new counsel, which the court denied, after which appointed counsel continued to represent Petitioner on appeal of the denial of post-conviction relief. (Doc. No. 66-1 at PageID# 3755-58; Doc. No. 66-2 at PageID# 3759). Thereafter, Petitioner filed a pro se reply brief in the Tennessee Court of Criminal Appeals and an application for permission to appeal in the Tennessee Supreme Court. Otherwise, counsel represented him throughout the appeal.

Thus, the record shows that, on appeal from the denial of post-conviction relief, Petitioner unsuccessfully sought hybrid representation that would have allowed him to present—over counsel's objection—any evidence or claim that he wished. As this Court noted in its prior order, Tennessee law generally disallows hybrid representation. See Hardin v. Genovese, No. 21-5867, 2023 WL 1992036, at *3-4 (6th Cir. Feb. 14, 2023). Petitioner did not seek to waive his statutory right to counsel and to represent himself on appeal. Instead, he sought new counsel who would raise claims and prosecute the appeal as Petitioner dictated. Relying on settled state law, the state appellate court denied that request. That denial forms the basis for the claim now asserted, that Petitioner had a "right" to assert claims and evidence that appointed counsel did not and would not raise. Petitioner, however, states no cognizable federal claim under 28 U.S.C. § 2254(a)[8] for the state appellate court's denial of his motion for new counsel and its effective denial of hybrid representation on appeal. For these reasons, the first claim Petitioner wishes to add to his existing Section 2254 petition is futile.

Because Petitioner's second, third, and fourth proposed claims are interrelated, the Court will address them collectively. In proposed Ground Two, Petitioner asserts that he is entitled to a

---

[8] Further, under binding state court case law, Petitioner had no "right to appointment of counsel of choice, or to special rapport, confidence, or even a meaningful relationship with appointed counsel." (Doc. No. 66-2 at PageID# 3759). Likewise, "which issues to present on appeal is a matter which addresses itself to the professional judgment and sound discretion of appellate counsel." Id.

15

"dismissal of [his] indictment [because it was] procured by false evidence fabricated by lead detective and prosecutor." (Case No. 3:23-cv-304, Doc. No. 1 at PageID# 7). In proposed Ground Three, Petitioner asserts that "Detectives and prosecutor fabricated the only eyewitness link[ing] Petitioner to the crime and presented [that evidence] to the grand jury." (Id. at PageID# 8). In proposed Ground Four, Petitioner again asserts that a detective and prosecutor used fabricated eyewitness testimony. (Id. at PageID# 10). Permitting Petitioner to amend his petition to include these three fabricated evidence claims would be futile because the claims are procedurally defaulted.

As explained above, no fabricated evidence claims were exhausted through the post-conviction appeal process. Because state court remedies were not exhausted on post-conviction review while they remained available, the claims are deemed exhausted but procedurally defaulted. Gray v. Netherland, 518 U.S. 152, 161-62 (1996); Landrum v. Mitchell, 625 F.3d 905, 918 (6th Cir. 2010). And Petitioner may not rely upon Martinez v. Ryan, 566 U.S. 1 (2012), to excuse the default because the asserted claims are not ineffective assistance of trial counsel claims.

In addition, the claims are futile because they are meritless, as they are unsupported by the state court record. As this Court has already noted, "there was 'overwhelming evidence' presented at trial against Petitioner." (Doc. No. 50 at PageID# 3587). Nothing presented at the evidentiary hearing on the post-conviction hearing undermines this evidence and shows that his conviction was predicated on allegedly fabricated evidence. For this additional reason, permitting Petitioner to amend his petition to add proposed claims two, three, and four will not be permitted.

## VII. SUMMARY

To recap, Petitioner's Motion for Evidentiary Hearing (Doc. No. 62) is **DENIED**; "Motion in Opposition of the Respondent's Request for an Extension and Combine Responses" (Doc. No.

71) is **DENIED AS MOOT**; Motion to Amend the Petitioner's Response (Doc. No. 75) is **GRANTED**; Motion to Renew Motion to Supplement (Doc. No. 78) is **DENIED**; and Motion for Leave to Supplement the Record (Doc. No. 83) is **DENIED**.

Further, as discussed herein, Petitioner's request to Motion to Amend the Habeas Petition is **DENIED**.

The Court will rule on Petitioner's ripe habeas petition in due time.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE